UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil No. 3:22-cv-00252-FDW-DSC

| KAITLIN BRADY, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) |
| A STEP ABOVE LIMO SERVICE, LLC, and AYMAN S. ABUSAMAK | ) |
| Defendants. | ) |

### DECLARATION OF ATTORNEY COREY M. STANTON

I, Corey M. Stanton, declare under the penalty of perjury pursuant to 29 U.S.C. § 1746 that the following statements are true and accurate, that I am over 18 years of age and otherwise competent to testify as to the matters contained herein, and that if called to testify in this matter, my testimony would be as follows:

1. I am an attorney licensed to practice law in the State of North Carolina and the State of South Carolina.

2. I am an associate attorney with Gibbons Law Group, PLLC.

3. Gibbons Law Group, PLLC ("Plaintiff's Counsel") represents Plaintiff Kaitlin Brady in this action.

4. Plaintiff's Counsel served Defendants with Plaintiff's First Set of Interrogatories and Requests for Production of Documents ("Discovery Requests") on or about December 13, 2022.

5. Defendants responded to Plaintiff's written Discovery Requests ("Defendants' Responses") on or about February 28, 2022.  Relevant to Plaintiff's Opposition Memorandum are

1

Defendant's written responses to Interrogatory Nos. 1 and 2, and Request Nos. 1, 4, 6, and 13. Attached to this Declaration as Exhibit A is a true and accurate copy of Defendants' Responses to Interrogatory Nos. 1 and 2, and Request Nos. 1, 4, 6, and 13.

6. In response to Request No. 1, which sought "The complete files relating to Kaitlin Brady ("Plaintiff"), including: personnel file, tax documents including IRS Form W-9 (sic) or W-2, payments made to Plaintiff, time records, records evidencing Plaintiff's activity, performance records, and disciplinary records[,]" Defendants objected on various grounds but indicated "that documents responsive to this Request are produced herewith. Defendant further states that discovery is ongoing, therefore, any additional documents responsive to this Request that are subsequently discovered will be seasonably supplemented." Notably counsel did not object to the authenticity of any document. *See Shell Trademark Mgmt. BV & Motiva Enterprises, LLC v. Ray Thomas Petroleum Co., Inc.*, 642 F.Supp.2d 493, 510 (W.D.N.C. 2009) ("Importantly, documents produced in response to discovery requests are admissible on a motion for summary judgment since they are self-authenticating and constitute the admissions of a party opponent. An opposing party may not subsequently challenge an attorney's ability to authenticate documents attached to [his] declaration that were previously provided by the opposing party without objection as to their authenticity.")

7. Between March 17, 2023 and March 20, 2023, Defendants produced documents Bates stamped A Step Above_000001-0008092, without any reference to which documents were responsive to which request or how the documents are ordinarily kept in the course of business. *See Pass & Seymour, Inc. v. Hubbell Inc.*, 255 F.R.D. 331, 337 (N.D.N.Y. 2008); *see also Beaufort Reg'l Chamber of Commerce v. City of Beaufort*, No. 9:18-cv-02565-RMG, 2019 WL 2121361, at *2 (D.S.C. May 15, 2019); *Williams v. Taser Int'l, Inc.*, No. CIVA1:06-cv-051-RWS, 2006 WL

1835437, at *7 (N.D. Ga. June 30, 2006).

8. Defendants produced documents from Plaintiff's personnel file that were completed around the beginning of Plaintiff's employment, which are Bates stamped A Step Above_0001151–54. Attached to this Declaration as Exhibit B is a true and accurate copy of the "Employee Information Sheet."

9. Defendants produced paystubs, paychecks, and/or direct deposit records from Plaintiff's employment. Attached to this Declaration as Exhibit C is a true and accurate copy of all payments of wages made to Plaintiff during the period of June 2019 through December 19, 2021.

10. Request No. 6 sought "all Documents and/or communication, including but not limited to emails, text, instant messages, and other electronically stored information, authored by or received by Plaintiff from March 1, 2019 to present relating to Plaintiff's salary, commissions, bonuses, equity ownership, and work-related mileage." Defendants produced emails Plaintiff sent to Defendants' CPA reporting the hours employees worked during the workweek. Specifically, Defendants produced emails, which are Bates stamped A Step Above_0001331 and 1342, whereby Plaintiff reports employee's hours for the week of September 9, 2018 through September 14, 2018 and where Plaintiff emails Defendants' CPA adjusting an employee's hours for the week. Defendants also produced text messages between Defendant Abusamak and Plaintiff. Specifically, Defendants produced text messages, which are Bates stamped A Step Above_0006408 and 6594–95, whereby Defendant Abusamak instructs Plaintiff to negatively adjust another employee's hours. Attached to this Declaration as Exhibit D is a true and accurate copy of the emails to the CPA and Defendant Abusamak's instructions to negatively adjust the employee's hours.

11. Using Defendants' document production, I created a spreadsheet that accurately

3

reflects the number of work-related text messages between Plaintiff and Defendant Abusamak during the period of March 20, 2020 through September 30, 2020. The spreadsheet also accurately reflects the time the earliest text message was sent or received and the time the latest text message was sent or received. Attached to this Declaration as Exhibit E is a true and accurate copy of the spreadsheet I created reflecting all of Plaintiff's work-related communications during the period of March 20, 2020 through September 30, 2020.

12. I reviewed all of the text messages exchanged between Brady and Abusamak. The sampling of text messages attached to Plaintiff's Declaration as Exhibits 5–10 are representative of the text messages exchanged between Plaintiff and Abusamak throughout her employment and specifically from March 20, 2020 through January 27, 2022.

I declare under penalty of perjury that the foregoing is true and correct.

*[signature]*
Corey M. Stanton

Executed on April 19, 2023

                                  s/ Corey M. Stanton
                                  Corey M. Stanton, NCSB #56255
                                  **GIBBONS LAW GROUP, PLLC**
                                  14045 Ballantyne Corporate Place, Suite 325
                                  Charlotte, North Carolina 28277
                                  Telephone: (704) 612-0038
                                  Email: corey@gibbonslg.com

                                  *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

This is to certify that on April 19, 2023, the undersigned filed the foregoing using the Court's CM/ECF system which will send notification of such filing to the appropriate CM/ECF participants.

s/ Corey M. Stanton