# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Civil No. 3:22-cv-00252-FDW-DSC

| | |
|---|---|
| KAITLIN BRADY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) **DEFENDANT A STEP ABOVE LIMO** |
| | ) **SERVICE, LLC'S RESPONSES TO** |
| A STEP ABOVE LIMO SERVICE, LLC, | ) **PLAINTIFF'S FIRST SET OF** |
| and AYMAN S. ABUSAMAK | ) **INTERROGATORIES AND REQUESTS** |
| | ) **FOR PRODUCTION OF DOCUMENTS** |
| Defendants. | ) ) |

NOW COMES Defendant A Step Above Limo Service, LLC ("A Step Above" or "Defendant"), pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and responds to Plaintiff Kaitlin Brady's ("Ms. Brady" or "Plaintiff") First Interrogatories and Request for Production of Documents (the "Requests").

## GENERAL OBJECTIONS

Defendant objects to the Definitions and Instructions set forth in Plaintiff's Requests to the extent that they exceed the scope of the Federal Rules of Civil Procedure. Defendant objects to the Requests to the extent that they exceed the attorney-client privilege, the work-product doctrine and the joint defense doctrine or common interest doctrine, as well as information and documents prepared in anticipation of litigation. In the event of inadvertent disclosures, Defendant reserves and expressly does not waive all applicable privileges by such inadvertent production.

"Responsive documents" or "documents responsive to this request" mean existing non-privileged documents currently within Defendant's possession, custody or subject to its control, and which are responsive to the relevant Request. Any response to the Requests that indicates that Defendant will produce "responsive documents" or "documents responsive to this request" refers only to such documents, and does not constitute a representation by Defendant that documents exist which are responsive to all portions of the relevant discovery request.

By producing these answers, Defendant does not waive, and in fact, expressly reserves the right to object to the admissibility of these answers at a later date on any available grounds of applicable law.

Defendant further expressly reserves the right to object on any ground to the use of the information at any trial, hearing, or other procedure; and to revise, supplement, correct, or add to these responses.

Subject to, but without waiving these objections and any objections noted in the individual responses to these Requests, Defendant responds as follows:

## INTERROGATORIES

**INTERROGATORY NO. 1:** State the name, year of birth, address, job title/position, phone number(s) (if not a current manager) and dates of employment of each person(s) answering or assisting in answering these interrogatories on behalf of Defendant. For each interrogatory, indicate which individual was responsible for answering and/or assisting in answering.

**ANSWER: Defendant states as follows: Ayman Abusamak ("Mr. Abusamak"); 1979; 1917 Scott Futrell Dr, Charlotte, NC 28208; principal. Mr. Abusamak may be contacted through undersigned counsel.**

**INTERROGATORY NO. 2:** Provide the following information regarding Plaintiff's employment relationship with Defendant:

a. Dates of employment;
b. Titles of all positions held, the date each position was held, and a description of the job duties and/or responsibilities for each position held since the date of hire to the present;
c. Schedule for each week during the Relevant Time Period: including each day worked, time You expected Plaintiff to begin working, time Plaintiff actually began working, time You expected Plaintiff to end working each day, and time Plaintiff actually ended working each day;
d. Name, dates of employment, phone numbers (if not a current manager), year of birth, and job title of each person who supervised Plaintiff in each position described in (b); and
e. Wages paid to Plaintiff for each job and/or position identified in (b).

**ANSWER: Defendant objects to this request to the extent that the information sought is already known by Plaintiff. Subject to and without waiving said objection,**

**Defendant states that Plaintiff worked at A Step Above Limo Service between March 2018 – December 2021.**

**March 2018 – December 2019: Customer Service Representative. Plaintiff was responsible for answering the phone, responding to emails, and scheduling chauffeurs, Monday through Friday, between 10:00 a.m. and 6:00 p.m. Plaintiff's supervisor was Mr. Abusamak, who may be contacted through undersigned counsel. Defendant states that it is attempting to determine the amount of wages paid to Plaintiff.**

**January 2020 – December 2021: Operations Manager. Plaintiff was responsible for managing business operations, which included, in addition to her responsibilities as Customer Service Representative, running payroll, engaging with clients, booking reservations, , Monday through Friday, between 10:00 a.m. and 6:00 p.m. Plaintiff's supervisor was Mr. Abusamak, who may be contacted through undersigned counsel. Defendant states that it is attempting to determine the amount of wages paid to Plaintiff.**

**Defendant further states that discovery is ongoing, therefore, any additional information responsive to this Request that is subsequently discovered will be seasonably supplemented.**

**<u>INTERROGATORY NO. 3:</u>** For each witness Defendant may or intends to call at trial, state:

a. The name, age and year of birth, job title, dates of employment, address, and telephone number of each witness;
b. The subject matter on which each witness is expected to testify; and
c. The substance of the facts to which each witness is expected to testify.

**<u>ANSWER:</u> Defendant objects to the Request to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of evidence admissible at the trial of this matter. Subject to and without waiving said objections, Defendant states that it has not yet determined who it may call as a witness at the trial of this matter but expects it will call Mr. Abusamak to testify as a witness. Defendant further states that it may call Iman Alqolaq ("Ms. Alqolaq") and Larry Cooper ("Mr. Cooper") to testify as witnesses, however, the subject matter and substance of facts that either or both may testify is not yet known.**

**<u>INTERROGATORY NO. 4:</u>** Have you ever been a party to or participated in any lawsuit or other judicial or administrative proceeding (including criminal proceedings) other than this lawsuit? If so, please identify each such case (i.e., describe the parties involved, their legal counsel, the date the proceedings were initiated and terminated, the nature of the claims involved, the court or administrative body to whom the case was submitted, and the style of the case). This includes, but is not limited to, any investigation conducted by a state or federal Department of Labor.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1**  The complete files relating to Kaitlin Brady ("Plaintiff"), including: personnel file, tax documents including IRS Form W-9 or W-2, payments made to Plaintiff, time records, records evidencing Plaintiff's activity, performance records, and disciplinary records.

**RESPONSE:**  Defendant objects to this Request to the extent that the documents sought are within Plaintiff's possession, custody or subject to her control. Defendant further objects to this Request to the extent that it seeks documents protected by the attorney work product doctrine or attorney-client privilege. Subject to and without waiving said objection, Defendant states that documents responsive to this Request are produced herewith. Defendant further states that discovery is ongoing, therefore, any additional documents responsive to this Request that are subsequently discovered will be seasonably supplemented.

**REQUEST FOR PRODUCTION NO. 2**  Any and all Documents referred to, consulted in connection with, or containing information relating to the answers to Defendant's First Set of Interrogatories, and any documents requested to be attached thereto.

**RESPONSE:**  Defendant states that documents responsive to this Request are produced herewith. Defendant further states that discovery is ongoing and any additional documents responsive to this Request that are subsequently discovered will be seasonably supplemented.

**REQUEST FOR PRODUCTION NO. 3**  Produce all Documents supporting or otherwise used, referenced, or relied on in connection with your response to Interrogatory No. 5.

**RESPONSE:**  Defendant states that documents responsive to this Request are produced herewith. Defendant further states that discovery is ongoing, therefore, any additional documents responsive to this Request that are subsequently discovered will be seasonably supplemented.

**REQUEST FOR PRODUCTION NO. 4**  Produce all Documents evidencing any time period where Plaintiff was not at work including, but not limited to, scheduled leave, unscheduled leave, sick days, vacation days, PTO, FMLA leave, short term disability, long term disability, or any other reason Plaintiff did not work for any period of time during the Relevant Time Period.

**RESPONSE:**  Defendant states, upon information and belief, that it has no such documents responsive to this Request. Defendant further states that discovery is ongoing, therefore, any additional documents responsive to this Request that are subsequently discovered will be seasonably supplemented.

**REQUEST FOR PRODUCTION NO. 5** Produce any memoranda, notes, statements, or other Documentation concerning any statement received or taken by You from any person who has information or knowledge relating to Plaintiff's claims or any defense thereto.

**RESPONSE:** **Defendant states that it has no such documents responsive to this Request.**

**REQUEST FOR PRODUCTION NO. 6** Provide all Documents and/or communication, including but not limited to emails, text, instant messages, and other electronically stored information, authored by or received by Plaintiff from March 1, 2019 to present relating to Plaintiff's salary, commissions, bonuses, equity ownership, and work-related mileage.

**RESPONSE:** **Defendant objects to this Request on the grounds that the information sought is already within Plaintiff's possession, custody or subject to her control. Defendant further objects to this Request on the grounds that it is overly broad, unduly burdensome and that the expense and effort required to provide the requested information outweighs the benefits of the information to this litigation. Subject to and without waiving said objection, Defendant states that it will seasonably supplement documents responsive to this Request.**

**REQUEST FOR PRODUCTION NO. 7** Provide any and all Documents that You contend support Defendants' First Affirmative Defense, which alleged "To the extent that Plaintiff has suffered damages from Defendants' alleged failure to pay wages (which is expressly denied), Plaintiff has waived payment of such wages. Further, to the extent that Defendants entered into a contract with Plaintiff (which is expressly denied) and Defendants breached any contractual duties it may have had to Plaintiff (which is expressly denied), Plaintiff has waived said breach."

**RESPONSE:** **Defendant states that documents responsive to this Request are produced herewith. Defendant further states that discovery is ongoing, therefore, any additional documents responsive to this Request that are subsequently discovered will be seasonably supplemented.**

**REQUEST FOR PRODUCTION NO. 8** Provide any and all Documents that You contend support Defendants' Second Affirmative Defense, which alleged "By virtue of Plaintiff's unlawful, immoral, and other wrongful conduct, Plaintiff should be barred from recovering against Defendants by the equitable doctrine of Unclean Hands."

**RESPONSE:** **Defendant states that documents responsive to this Request are produced herewith. Defendant further states that discovery is ongoing, therefore, any additional documents responsive to this Request that are subsequently discovered will be seasonably supplemented.**

possession, custody or subject to her control. Defendant finally states that discovery is ongoing, therefore, any additional documents responsive to this Request that are subsequently discovered will be seasonably supplemented.

**REQUEST FOR PRODUCTION NO. 13** Produce copies of all paystubs You provided to Plaintiff during the Relevant Time Period.

**RESPONSE:** Defendant objects to this request on the grounds that it seeks documents that are within Plaintiff's possession, custody or subject to her control. Subject to and without waiving said objections, Defendant states that documents responsive to this request are produced herewith. Defendant further states that discovery is ongoing, therefore, any additional documents responsive to this Request that are subsequently discovered will be seasonably supplemented.

**REQUEST FOR PRODUCTION NO. 14** Produce copies of all records evidencing "net sales of new accounts," as that term is used in the A Step Above Operations Contract for the years 2019, 2020, and 2021.

**RESPONSE:** Defendant objects to this Request on the basis that the term "new accounts" is vague and ambiguous. Defendant further objects on the grounds that the Request is unduly burdensome. Subject to and without waiving said objections, Defendant states that it is unsure what "new accounts" means or refers to because it did not draft the document Plaintiff refers to as the "A Step Above Operations Contract;" however, to the extent that "new accounts" means or refers to Defendant's clients or customers, then Defendant states, upon information and belief, that it did not keep track of net sales for new accounts during 2019. Defendant further states that discovery is ongoing, therefore, any documents responsive to this Request that are subsequently discovered will be seasonably supplemented.

**REQUEST FOR PRODUCTION NO. 15** Produce copies of all sales accounts during the Relevant Time Period.

**RESPONSE:** Defendant states that documents responsive to this Request will be seasonably supplemented.

**REQUEST FOR PRODUCTION NO. 16** Produce a copy of all business evaluations or appraisals conducted in the last five (5) years.

**RESPONSE:** Defendant states, upon information and belief, that it has no such documents responsive to this Request.

THIS the 28th day of February, 2023.

**TLG Law**

_____
Tyler A. Rhoades (NC Bar # 52524)
David G. Redding (NC Bar # 24476)
2907 Providence Road, Suite 303
Charlotte, North Carolina 28211
Telephone: (704) 900-2215
trhoades@tlg-law.com
dredding@tlg-law.com
*Attorneys for Defendants*

# VERIFICATION

STATE OF North Carolina

COUNTY OF Mecklenburg

Ayman S. Abusamak, being first duly sworn, deposes and says that he is of sound mind and is authorized to make this verification, that he has read the foregoing **Defendant A Step Above Limo Service, LLC's Responses to Plaintiff's First Interrogatories and Requests for Production of Documents** and knows the contents thereof, that the same are true of his own knowledge, except as to those matters and things therein upon information and belief, and as to those matters and things, he believes them to be true.

*/s/ Ayman S. Abusamak*
Ayman S. Abusamak

Sworn to and subscribed before me this 30th of March, 2023.

*/s/ Elizabeth Veres*
Notary Public

Printed Name of Notary:

Elizabeth Veres

My commission expires: 06/07/2023

ELIZABETH VERES
Notary Public, North Carolina
Mecklenburg County
My Commission Expires
June 07, 2023

# CERTIFICATE OF SERVICE

This is to certify that undersigned counsel has served a copy of **DEFENDANT A STEP ABOVE LIMO SERVICE, LLC'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS** upon all counsel of record via electronic mail (pursuant to agreement) as follows:

> Corey M. Stanton - corey@gibbonslg.com
> Ethan L. Slabosky - ethan@gibbonslg.com
> Philip J. Gibbons - phil@gibbonslg.com
> Gibbons Law Group, PLLC
> 14045 Ballantyne Corporate Pl., Ste. 325
> Charlotte, NC 28277
> *Attorneys for Plaintiff*

This the 28th day of January, 2023.

Tyler A. Rhoades